UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RALPH VITALE,  :
    Petitioner,  :
  :
v.  :    3:08-cv-739 (WWE)
  :
UNITED STATES,  :
    Respondent.  :

**RULING ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Petitioner Ralph Vitale seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his conviction in federal court on five counts of bank fraud, 18 U.S.C. § 1344 (Case No. 02-cr-262 (RNC)). Sentence in that case was imposed on December 18, 2006. Petitioner argues that the Court did not have jurisdiction to impose sentence upon him following a remand from the Court of Appeals and that Title 18 of the United States Code is invalid as not properly passed by both houses of Congress. The Court construes respondent's opposition to petitioner's writ for habeas corpus as a cross-motion for judgment on the pleadings. For the reasons that follow, petitioner's request for habeas corpus will be denied and respondent's cross-motion will be granted.

**DISCUSSION**

Petitioner argues that the District Court did not follow the appropriate mandate issued by the Court of Appeals.[1] In that decision, the Court of Appeals remanded the case to the District Court to conduct an evidentiary hearing on juror bias. The Court of Appeals further stated that a mandate would be issued, pursuant to United States v.

---

[1] Plaintiff's appeal is reported at United States v. Vitale, 459 F.3d 190 (2d Cir. 2006).

Jacobson, 15 F.3d 19 (2d Cir. 1994), restoring jurisdiction to the District Court to hold such an hearing. The Court of Appeals also instructed the District Court to resentence plaintiff in accordance with United States v. Booker, 543 U.S. 220, (2005).

A mandate appeared on the docket in petitioner's primary case on August 14, 2006 (Doc. #139), thus restoring jurisdiction to the District Court and allowing the Court to impose sentence on December 18, 2006.

As to petitioner's arguments that Title 18 of the United States Code is invalid, this argument has been rejected as "unbelievably frivolous." See United States v. Collins, 510 F.3d 697, 698 (7th Cir. 2007); Benjamin v. Miner, 256 Fed. Appx. 554, 555 (3d Cir. 2007) (holding that "there is no merit to...assertion that both houses of Congress did not properly enact 18 U.S.C. § 3231"); cf. United States Civil Service Comm'n v. National Ass'n of Letter Carriers, AFL-CIO, 413 U.S. 548, 550 n.1 (1973) (recognizing that Title 18 was enacted into positive law).

## CONCLUSION

For the foregoing reasons, the Court DENIES petitioner's motion for judgment on the pleadings (Doc. #5) and concludes that petitioner is not entitled to under 28 U.S.C. § 2241. The Court GRANTS respondent's cross-motion for judgment on the pleadings (Doc. #4). The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 16th day of September, 2008.

/s/
Warren W. Eginton
Senior United States District Judge